UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DEMERIS TOLBERT,

                      Plaintiff,

    -against-                                            9:13-cv-1577 (LEK/DEP)

CARL J. KOENIGSMANN, *et al.*,

                      Defendants.

**DECISION and ORDER**

**I.    INTRODUCTION**

This action was commenced by *pro se* Plaintiff Demeris Tolbert ("Plaintiff") in December 2013, seeking relief for the alleged violation of his constitutional rights during his confinement at Upstate Correctional Facility ("Upstate C.F."). Dkt. No. 1 ("Complaint"). Upon review of the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A, the Court concluded that Plaintiff's medical care claims against all Defendants and his retaliation claim against Defendant R. Holmes ("Holmes") survived *sua sponte* review and required a response. Dkt. No. 10. An Answer to the Complaint was filed on behalf of Defendants on October 21, 2014. Dkt. No. 33. On October 22, 2014, United States Magistrate Judge David E. Peebles issued a Mandatory Pretrial Discovery and Scheduling Order. Dkt. No. 35. In March 2015, Plaintiff filed a Motion for summary judgment. Dkt. No. 47. In July 2015, Defendants filed a Cross-Motion seeking summary judgment in their favor. Dkt. No. 67.[1] Presently before this Court is a Motion from Plaintiff seeking preliminary injunctive relief. Dkt. No. 80 ("Motion").

---

[1] Both Motions have been referred to Magistrate Judge David E. Peebles for review and issuance of a report and recommendation.

## II. DISCUSSION

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Moore v. Consol. Edison Co., 409 F.3d 506, 510 (2d Cir. 2005) (quoting Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)). The standard a court must utilize in considering whether to grant a request for injunctive relief is well settled in this Circuit. Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35, 38 (2d Cir. 2010). To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate both irreparable harm and either a substantial likelihood of success on the merits of the claim or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. Id. at 35; see also Cacchillo v. Insmed, Inc., 638 F.3d 401, 405-06 (2d Cir. 2011). However, when the moving party seeks a mandatory preliminary injunction that alters the status quo by commanding a positive act, the burden is "even higher." Cacchillo, 638 F.3d at 405-06; see also Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996). Thus, a mandatory preliminary injunction "should issue 'only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief.'" Citigroup, 598 F.3d at 35 n.4.[2]

"A showing of irreparable harm is 'the single most important prerequisite for the issuance of a preliminary injunction.'" Faiveley Transport Malmo AB v. Wabtec Corp., 559 F.3d 110, 118 (2d

---

[2] Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. 18 U.S.C. § 3626(a)(2). In considering an application for prospective relief, the Court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. Id. § 3626(a)(1)(A).

2

Cir. 2009) (quoting Rodriguez v. DeBuono, 175 F.3d 227, 234 (2d Cir. 1999)). Speculative, remote or future injury is not the province of injunctive relief. City of Los Angeles v. Lyons, 461 U.S. 95, 111-12 (1983). Rather, a plaintiff seeking to satisfy the irreparable harm requirement must demonstrate that "absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." Faiveley, 559 F.3d at 118.

Plaintiff complains that he is unable to participate in outdoor recreation because his medical boots were improperly confiscated in April 2015. See Mot. at 7-11. Plaintiff also complains that in September 2015, his pain medication was improperly changed from pill to liquid form and that he has been subjected to excessive unwarranted blood tests to determine the levels of neurontin in his blood. Id. at 14-17.[3] According to Plaintiff, these actions began when AAG Latino visited Upstate C.F. to take his deposition in this case. Id. at 9. Plaintiff contends that he is being retaliated against. Id. at 9-16. Plaintiff does not identify the individuals responsible for the alleged wrongful conduct. In addition to seeking redress for these alleged acts of wrongdoing, Plaintiff seeks an order from the Court directing that he be reevaluated for physical therapy, provided with a knee brace, and sent to an outside pain management clinic for evaluation. Id. at 18-21.

Upon review, and with due regard for Plaintiff's status as a *pro se* litigant, the Court finds that his Motion must be denied. As noted, Plaintiff does not allege that Defendants were personally

---

[3] Plaintiff alleges that the liquid form causes him to experience adverse side effects. Mot. at 18. Plaintiff's pain medication has been changed from pill to liquid form in the past (presumably for security reasons). Id. at 4-6.

3

involved in the misconduct complained of in his Motion.[4]  Except in limited circumstances not relevant here, a court may not order injunctive relief as to non-parties to an action.  See FED. R. CIV. P. 65(d) ("Every order granting an injunction . . . binds only . . . the parties . . . ."); United States v. Regan, 858 F.2d 115, 120 (2d Cir. 1988); Slacks v. Gray, No. 07-CV-0510, 2008 WL 2522075, at *1 n.1 (N.D.N.Y. June 25, 2008).  Thus, even assuming that Plaintiff has demonstrated that he faces irreparable harm from the alleged misconduct by unidentified staff at Upstate C.F. (and the Court makes no such finding), an injunction regarding that conduct may not properly be directed at Defendants.  The Court also finds that Plaintiff has not supported his Motion with evidence sufficient to make a "clear showing" that he is entitled to the relief requested, or that "extreme or very serious damage will result from a denial of preliminary relief."  Citigroup, 598 F.3d at 35 n.4 (internal quotation marks omitted).

Based upon the foregoing, the extraordinary relief sought by Plaintiff is not available to remedy the harms alleged.  As a result, Plaintiff's Motion for preliminary injunctive relief is denied.

## III. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 80) for preliminary injunctive relief is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all

---

[4] Plaintiff previously sought preliminary injunctive relief regarding his medical care.  Dkt. Nos. 15, 27.  In a Decision and Order filed February 5, 2015, Plaintiff's Motions were denied because Plaintiff had not made the showing required for the issuance of the mandatory relief requested.  Dkt. No. 44.  Plaintiff sought reconsideration of that decision, see Dkt. No. 45, but withdrew that Motion in May 2015 after being assigned a new healthcare provider.  See Dkt. No. 54 at 1-2 (advising that Defendants "are (no longer) a part of Plaintiff's healthcare providers here at Upstate" and "[i]n addition most of the defendants are (no longer) employed here at Upstate").

4

parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    December 04, 2015
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge