UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DEMERIS TOLBERT,

         Plaintiff,

 -against-              9:13-cv-1577 (LEK/DEP)

CARL J. KOENIGSMANN, *et al.*,

         Defendants.

# DECISION and ORDER

## I. INTRODUCTION

Plaintiff Demeris Tolbert ("Plaintiff") commenced this *pro se* civil rights action alleging violations of his constitutional rights arising out of his confinement by the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1 ("Complaint"). In a Memorandum-Decision and Order filed June 30, 2014, the Court granted Plaintiff's Application to proceed *in forma pauperis* and reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Dkt. No. 10 ("June Order"). The Court found that the following claims survived sua sponte review: (1) Eighth Amendment medical care claims against Defendants Nurse William Parmer ("Parmer"), Nurse R. Holmes ("Holmes"), Doctor R. Adams ("Adams"), Physical Therapist William Pena ("Pena"), Physician's Assistant Steven Fries ("Fries"), Doctor Glenn Schroyer ("Schroyer") and Doctor Carl Koenigsmann ("Koenigsmann"); and (2) retaliation claims against Holmes. June Order at 10. The Court directed the Clerk to issue summonses and forward them, along with copies of the Complaint, to the United States Marshal for service upon Defendants. Id. On October 21, 2014, Adams, Fries, Holmes, Koenigsmann, Parmer, Schroyer, and Pena filed an Answer to the Complaint. Dkt. No. 33 ("Answer"). On March 16, 2015, Plaintiff

filed a Motion for summary judgment. Dkt. No. 47. On July 20, 2015, Defendants filed a Cross-Motion for summary judgment. Dkt. No. 67. Presently before the Court is Plaintiff's Motion for leave to amend the Complaint. Dkt. No. 88 ("Motion"). Defendants have not opposed the Motion.

## II. MOTION TO AMEND

### A. The Original Complaint

The original Complaint asserted claims arising out of Plaintiff's confinement at Upstate Correctional Facility ("Upstate C.F."). The Complaint contained Eighth Amendment claims against Parmer, Holmes, Adams, Pena, Fries, Schroyer, and Koenigsmann related to Plaintiff's medical treatment from July 2011 through July 2013. See Compl. Plaintiff also claimed that Defendants retaliated against him for filing numerous grievances and complaints related to his medical treatment. Id. ¶¶ 45-46. Relevant to the Motion herein, Plaintiff claimed that on June 25, 2012, Plaintiff was referred to Pena, a physical therapist, for pain and difficulty walking. Id. ¶ 47. Pena did not examine Plaintiff but recommended a knee brace. Id. ¶ 51.

### B. Governing Legal Standard

The filing of amended and supplemental pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 15. Rule 15(a) states that leave to amend shall be freely given "when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962); Manson v. Stacescu, 11 F.3d 1127, 1133 (2d Cir. 1993). The Supreme Court has stated:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should . . . be "freely given."

Foman, 371 U.S. at 182.  Notwithstanding the familiar and well-accepted precept that such leave should be granted freely and amendment is typically permitted, where a claim contained in a proposed amended complaint would be vulnerable in the face of a Rule 12(b)(6) motion, then allowing amendment would be an act of futility which should not be countenanced.  See, e.g., Saxholm AS v. Dynal, Inc., 938 F. Supp. 120, 124 (E.D.N.Y. 1996); In re Boesky Sec. Litig., 882 F. Supp. 1371, 1379 (S.D.N.Y. 1995).  If, on the other hand, a proposed claim sets forth facts and circumstances which may entitle the pleader to relief, futility is not a proper basis on which to deny the right to amend.  Saxholm, 938 F. Supp. at 124 (citing Allstate Ins. v. Administratia Asigurarilor De Stat, 875 F. Supp. 1022, 1029 (S.D.N.Y. 1995); Mathon v. Marine Midland Bank, N.A., 875 F. Supp. 986, 1003 (E.D.N.Y. 1995) (granting leave to replead where court could not say that under no circumstances would proposed claims provide a basis for relief)).  The decision to grant or deny a motion to amend or supplement is committed to the sound discretion of the trial court, and that court's decision is not subject to review on appeal except for abuse of discretion.  See Fielding v. Tollaksen, 510 F.3d 175, 179 (2d Cir. 2007).

"If a complaint is amended to include an additional defendant after the statute of limitations has run, the amended complaint is not time barred if it 'relates back' to a timely filed complaint." VKK Corp. v. Nat'l Football League, 244 F.3d 114, 128 (2d Cir. 2001).  An amended complaint naming a new party relates back to the original pleading where it asserts a claim that arose out of the same conduct, transaction, or occurrence set out in the initial complaint, and, within the relevant period provided by Rule 4(m) for serving the summons and complaint, the party to be added "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake

3

concerning the proper party's identity." Lewis v. City of New York, No.12-CV-2836, 2013 WL 6816615, at *4 (E.D.N.Y. Dec. 24, 2013). "[K]nowledge of a lawsuit can be imputed to a new defendant state official through his attorney, when the attorney also represented the officials originally sued." Hood v. City of New York, 739 F. Supp. 196, 199 (S.D.N.Y. 1990). The Second Circuit has held that, "[i]n order to support an argument that knowledge of the pendency of a lawsuit may be imputed to a defendant or set of defendants because they have the same attorney(s), there must be some showing that the attorney(s) knew that the additional defendant would be added to the existing suit." Gleason v. McBride, 869 F.2d 688, 693 (2d Cir. 1989). "[T]he question under Rule 15(c)(1)(C)(ii) is not whether [the plaintiff] knew or should have known the identity of [the proper defendant], but whether [the proper defendant] knew or should have known that it would have been named as a defendant but for an error." Morales v. County of Suffolk, 952 F. Supp. 2d 433, 437 (E.D.N.Y. 2013) (alterations in original) (quoting Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 548 (2010)); see also Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 469 (2d Cir. 1995) ("[T]he rule is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification."), modified, 74 F.3d 1366 (2d Cir. 1996).

**C. Plaintiff's Motion**

Plaintiff submitted a proposed Amended Complaint in support of his Motion to amend. Dkt. No. 88-2 ("Amended Complaint").[1] Plaintiff seeks to amend his Complaint to substitute

---

[1] Plaintiff's Complaint included fifty pages of exhibits. Dkt. No. 1-1. Plaintiff did not annex the documents to the proposed Amended Complaint. "Although it is well settled that an amended complaint supersedes a prior complaint in its entirety, it is clear to the court that Plaintiff intended to attach the exhibits to his amended complaint." Wellington v. Langendorf, No. 12-CV-1019, 2013 WL 3753978, at *3 n.2 (N.D.N.Y. July 15, 2013). To require Plaintiff to file another

4

Christopher Towler ("Towler"), a physical therapist, for Pena. Mot. at 3. On November 6, 2015, Plaintiff received a memorandum from an Office Assistant at Health Services stating that Plaintiff's request for medical records could not be processed because "[t]he name of the PTH provider on 6/25/12 was Christopher Towler." Dkt. No. 88-1. Plaintiff's proposed Amended Complaint does not include any new factual allegations nor does it alter the causes of action surrounding the events as they were originally pleaded in the Complaint.[2] Defendants have not responded to Plaintiff's Motion.

**D. Analysis**

*1. Claim Against Towler*

The Court has thoroughly reviewed Plaintiff's proposed Amended Complaint. In paragraphs forty-seven through fifty-three, Plaintiff substituted the name "Towler" for the name "Pena." Plaintiff's amendment, if granted, would change the party against whom Plaintiff's Eighth Amendment claim is asserted from Defendant Pena to Towler. Compare Am. Compl. at 20-22, with Compl. at 19-21. A three-year statute of limitations governs Plaintiff's claims. See Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002) (citing N.Y. C.P.L.R. 214). In this instance, the incident involving the proposed new party occurred on June 25, 2012. Mot. at 1-2. The proposed Amended Complaint is dated December 10, 2015, outside the statute of limitations period. Am.

---

amended complaint that includes the original exhibits is "an unnecessary procedural hoop that would waste resources and delay resolution of this action." Alexander v. United States, No. 13-CV-678, 2013 WL 4014539, at *4 n.3 (N.D. Cal. Aug. 5, 2013). In light of Plaintiff's *pro se* status, the Court will consider the exhibits and documentation attached to the original Complaint as incorporated by reference in the proposed Amended Complaint. See Alvarado v. Ramineni, No. 08-CV-1126, 2011 WL 6937477, at *5 n.9 (N.D.N.Y. Dec. 6, 2011).

[2] For a full recitation of facts, the Court refers to the June Order. See June Order at 4-6.

5

Compl. at 39. Thus, the amendment would be time-barred unless the Amended Complaint relates back to the date of the original Complaint.

There is no dispute that the claims against Towler arose from the same conduct, transaction, or occurrence asserted in Plaintiff's original Complaint. As to notice, the issue is whether Towler knew or should have known that Plaintiff's Eighth Amendment claim could have been brought against him. In this instance, based upon the Exhibit annexed to Plaintiff's Motion, knowledge of the identity of the physical therapist who treated Plaintiff on June 25, 2012 was available to defense counsel representing the other Defendants in this action and may be imputed to Towler. See Smalls v. Fraser, No. 05 Civ. 6575, 2006 WL 2336911, at *4 (S.D.N.Y. Aug. 11, 2006) (holding that the availability of information regarding the identity of the "B" post officer to defense counsel could be imputed to new defendant). Plaintiff claims that he only learned that he had misidentified Pena when he received the November 2015 letter from Health Services. Mot. at 2. This is the type of mistake contemplated by Rule 15(c)(1)( C). See Smalls, 2006 WL 2336911, at *3 (allowing amendment as the plaintiff did not fail to name a party but instead named the wrong party).

Under Rule 15(c), Plaintiff's amendment seeking to assert a claim against Towler relates back to the date of the original Complaint. Accordingly, Plaintiff's Motion to amend his Complaint to add claims against Towler is granted.

### 2. *Previous Claims*

As a result of the initial review of the original Complaint, the Court held that Plaintiff's Eighth Amendment claims against Adams, Fries, Holmes, Koenigsmann, Parmer, and Schroyer and Plaintiff's retaliation claim against Holmes required a response. Those claims are repeated and realleged in the Amended Complaint and thus survive initial review.

Plaintiff's Motion for leave to file an amended complaint is therefore granted. It does not appear to the Court that Plaintiff has delayed unduly in bringing his Motion, the requested amendment does not significantly change the theory of the case, and the Court is not persuaded that resolution of this matter will be significantly delayed by the filing of the Amended Complaint. In the event that further discovery is deemed appropriate, Defendants will be afforded a reasonable opportunity to conduct that discovery.

## III. MOTIONS FOR SUMMARY JUDGMENT

An amended complaint "supersedes the original and renders it of no legal effect." Int'l Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977). In light of the amendment of Plaintiff's Complaint, the Court denies Plaintiff's Motion for summary judgment and Defendants' Cross-Motion for summary judgment as moot.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 88) to amend his Complaint is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's claims against Pena are **DISMISSED without prejudice** and the Clerk of the Court is directed to remove Pena as a defendant herein; and it is further

**ORDERED**, that the Amended Complaint (Dkt. No. 88-2) together with the supporting Exhibits (Dkt. Nos. 1-1; 88-1) is accepted for filing and is deemed the operative pleading; and it is further

**ORDERED**, that the Clerk of the Court is directed to create a new docket entry for the Amended Complaint; and it is further

**ORDERED**, that the Clerk shall issue a summons and forward it, along with copies of the Amended Complaint, to the United States Marshal for service upon Towler. The Clerk shall forward a copy of the summons and Amended Complaint to the Office of the New York Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED**, that a response to the Amended Complaint be filed by Defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.** Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; failure to do so will result in the dismissal of his action**; and it is further

**ORDERED**, that Plaintiff's Motion (Dkt. No. 47) for summary judgment and Defendants' Cross-Motion (Dkt. No. 67) for summary judgment are **DENIED as moot**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

8

**IT IS SO ORDERED.**

DATED:	January 15, 2016
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge