UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DEMERIS TOLBERT,

                        Plaintiff,

    -against-                                        9:13-cv-1577 (LEK/DEP)

CARL J. KOENIGSMANN, *et al.*,

                        Defendants.

## **DECISION and ORDER**

**I.    INTRODUCTION**

Presently before the Court is *pro se* Plaintiff Demeris Tolbert's ("Plaintiff") fourth Motion for preliminary injunctive relief. Dkt. No. 105 ("Motion"); see also Dkt. No. 116 ("Reply"). Defendants oppose Plaintiff's Motion. Dkt. No. 111 ("Response"). For the reasons stated below, Plaintiff's Motion is denied.

**II.    BACKGROUND**

In December 2013, Plaintiff commenced this action seeking relief for the alleged violation of his constitutional rights during his confinement at Upstate Correctional Facility ("Upstate C.F."). Dkt. No. 1 ("Complaint"). Specifically, Plaintiff asserted claims related to his medical treatment at Upstate C.F. from July 2011 until July 2013. See Dkt. No. 10 ("2014 Order") at 4. Upon review of the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A, the Court found that the following claims survived *sua sponte* review: (1) Eighth Amendment medical care claims against Defendants Nurse William Parmer ("Parmer"), Nurse R. Holmes ("Holmes"), Dr. R. Adams ("Adams"), Physical Therapist William Pena ("Pena"), Physician's Assistant Steven Fries ("Fries"), Dr. Glenn Schroyer ("Schroyer"), and Dr. Carl Koenigsmann ("Koenigsmann") (collectively,

"Defendants"); and (2) retaliation claims against Holmes. Id. at 10. Plaintiff alleged that Parmer, Adams, Holmes, and Fries altered the course of his treatment, discontinued his pain medication, and failed to address his pain. Id. at 4-5. As to Pena, a physical therapist, Plaintiff claimed that he failed to prescribe a course of therapy. Id. at 6. Plaintiff asserted supervisory claims against Schroyer and Koenigsmann due to their failure to investigate or address his concerns. See id. Plaintiff also alleged that Holmes issued a false misbehavior report in August 2014 in retaliation for Plaintiff's complaints to Parmer about his medical condition. Id. at 9. On October 21, 2014, an Answer to the Complaint was filed on behalf of Defendants. Dkt. No. 33.

In July 2014 and September 2014, Plaintiff filed two Motions for preliminary injunctive relief. Dkt. Nos. 15, 27. Plaintiff sought an order directing Defendants to refer him to an outside dermatologist for evaluation and directing Defendants to adhere to his previously prescribed pain management plan. See id. In a Decision and Order filed in February 2015 (the "February Order"), the Court denied Plaintiff's motion, holding that he failed to establish that he suffered irreparable harm. Dkt. No. 44 at 4.

In October 2015, Plaintiff filed a third Motion for preliminary injunctive relief seeking an order directing Defendants to reevaluate his need for physical therapy, provide a knee brace, and refer him to an outside pain management clinic. Dkt. No. 80. In a Decision and Order filed on December 4, 2014 (the "December Order"), the Court denied Plaintiff's motion, holding that Plaintiff failed to allege that Defendants were personally involved in the misconduct "complained of in his Motion." Dkt. No. 87 at 3-4. The Court also held that "Plaintiff has not supported his Motion with evidence sufficient to make a 'clear showing' that he is entitled to the relief requested, or that 'extreme or very serious damage will result from a denial of preliminary relief.'" Id. (quoting

Citigroup Glob. Mkts. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35 n.4 (2d Cir. 2010)).

On January 19, 2016, the Court issued an Order granting Plaintiff's Motion to amend his Complaint. Dkt. No. 90. Upon review of the Amended Complaint, the Court noted that the Eighth Amendment and retaliation claims against Parmer, Holmes, Adams, Fries, Schroyer, and Koenigsmann were restated, and thus, Defendants were directed to respond to those claims. Dkt. No. 90 at 6. The Court granted Plaintiff's request to substitute defendant Christopher Towler ("Towler"), a physical therapist, for Pena and dismissed all claims against Pena. Id. at 5-6. On May 18, 2016, an Answer to the Amended Complaint was filed on behalf of Defendants. Dkt. No. 107.

In the present Motion, Plaintiff asserts that Defendants' "colleagues," Dr. Kumar, and "[Dr. Kumar's] medical staff" are harassing him, retaliating against him, and refusing to provide adequate medical treatment. Mot. at 1-3. Plaintiff claims that in March 2015 and April 2015, he was denied access to recreation for two and a half weeks in retaliation for participating in a deposition. Id. at 14-15. In response, Plaintiff withheld his food tray, resulting in a cell extraction. Id. During the cell extraction, Plaintiff's orthopedic boots were confiscated. Id. at 16. Plaintiff also contends that Nurse Jane Doe forced Plaintiff to submit to biweekly blood tests as a form of harassment. Id. at 18-19. Plaintiff claims that Dr. Kumar retaliated against him when he changed the form in which Plaintiff's medications were administered, namely from pills to liquids. Id. at 23.

Plaintiff also alleges that Dr. Kumar denied or discontinued Plaintiff's prescription for a knee brace, orthopedic boots, and non-narcotic pain medications. Reply at 3. Plaintiff contends that he suffers from chronic pain, as well as difficulty walking, sleeping, showering, and participating in recreation. Id. at 2-3. Plaintiff seeks an order directing Defendants to provide the

3

following: (1) an evaluation at a pain management clinic; (2) an examination with an independent orthopedic specialist; (3) physical therapy; (4) a knee brace and orthopedic boot; (5) medication in pill rather than liquid form; (6) a prescription for pain medication; and (7) medicated lotions and shampoos for skin disease and lesions. See Mot. at 37-44; see also Dkt. No. 105-1 ("Exhibits") at 55-56.

In response, Defendants maintain that Plaintiff has failed to sufficiently allege that he will suffer any serious, irreparable harm if the requested relief is denied. Resp. at 2. Defendants contend that Plaintiff is receiving adequate medical care and note that he has refused medical treatment. Id. Defendants also claim that Plaintiff has not demonstrated "a substantial likelihood of success on the merits" or that Defendants "deliberately ignored his condition." Id. at 3.

### III. DISCUSSION

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Moore v. Consol. Edison Co. of N.Y., 409 F.3d 506, 510 (2d Cir. 2005) (quoting Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)). The standard a court must utilize in considering whether to grant a request for injunctive relief is well settled in this Circuit. Citigroup, 598 F.3d at 35, 38. To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. Id. at 35; Cacchillo v. Insmed, Inc., 638 F.3d 401, 405-06 (2d Cir. 2011). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. Id. at 406; see also Jolly v. Coughlin, 76

F.3d 468, 473 (2d Cir. 1996). Thus, a mandatory preliminary injunction "should issue 'only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief.'" Citigroup, 598 F.3d at 35 n.4. Additionally, "[t]he district court has wide discretion in determining whether to grant a preliminary injunction." Moore, 409 F.3d at 511.

"To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." Levesque v. Clinton County, No. 10-CV-787, 2012 WL 6948779, at *11 (N.D.N.Y. Dec. 28, 2012) (quoting McKinnon v. Tresman, No. 02-CV-2305, 2004 WL 78091, at *1 (D. Conn. Jan. 9, 2004)); see also Allen v. Brown, No. 96-CV-1599, 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application for such relief were unrelated to claims asserted in the complaint and thus plaintiff "failed to establish either a likelihood of succeeding on the merits of his *underlying claim*, or sufficiently serious questions going to the merits of *such claim* and a balance of hardships tipping decidedly toward" the plaintiff).

The alleged violation of a constitutional right generally satisfies a plaintiff's burden to demonstrate irreparable harm. Jolly, 76 F.3d at 482. "However, the moving party must establish that without the preliminary injunction, he will suffer an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." Amaker v. Fischer, No. 10-CV-0977A, 2012 WL 8020777, at *2 (W.D.N.Y. Sept. 28, 2012). Conclusory assertions lacking supporting evidence will not support a preliminary injunction. Hancock v. Essential Res., Inc., 792 F. Supp. 924, 928 (S.D.N.Y. 1992). "Preliminary injunction requests are 'frequently denied if the affidavits [in support of the motion] are too vague

5

or conclusory to demonstrate a clear right to relief under Rule 65.'" Crichlow v. Fischer, No. 12-CV-7774, 2015 WL 678725, at *8 (S.D.N.Y. Feb. 17, 2015) (alteration in original) (quoting Malki v. Kayes, No. 11 Civ. 5909, 2012 WL 32611, at *8 (E.D.N.Y. Jan. 5, 2012)). Here, the injunction sought is mandatory, and thus the court will use the "clear and substantial" showing of a likelihood of success standard.

### A. Parties to the Action

As discussed above, Defendants herein are Parmer, Holmes, Adams, Fries, Schroyer, Koenigsmann, and Towler. Construing Plaintiff's Motion liberally, Plaintiff seeks relief against Dr. Kumar, the "medical department," and "staff members." Mot. at 37-44; Reply at 2. Other than Dr. Kumar, Plaintiff has not identified the individual(s) or staff member(s) responsible for the conduct and concedes that "some of the defendants in plaintiff's civil claim are no longer working at Upstate." Mot. at 13.

The Court has no power to enforce an injunction against individuals who are not parties to the lawsuit. See FED. R. CIV. P. 65(d); see also Doctor's Assocs., Inc. v. Reinert & Duree, P.C., 191 F.3d 297, 302-03 (2d Cir. 1999) (holding portions of injunction issued by federal district court pursuant to Rule 65 enjoining certain nonparties exceeded the scope of district court's authority as such nonparties were not subject to the court's personal jurisdiction). To the extent that Plaintiff seeks injunctive relief against Dr. Kumar, his "medical staff," or any persons who are not parties to this in this action (i.e., non-defendants), the Court lacks subject matter jurisdiction to enjoin their actions. See Stewart v. INS, 762 F.2d 193, 198-99 (2d Cir. 1985) (holding that preliminary injunctive relief may be obtained "[o]nly after an action has been commenced"); see also In re Rationis Enter., Inc. of Panama, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or

6

even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.");
Williams v. State Univ. of N.Y., 635 F. Supp. 1243, 1246 (E.D.N.Y. 1986).

  **B. Harassment and Retaliation**

Plaintiff claims that he is the victim of past harassment and retaliation and implies that he will be subjected to future harassment and retaliation. Plaintiff concedes that he does not know the identity of the officer or officers who denied access to the "rec-cage," conducted the cell extraction, confiscated his boots, or ordered biweekly blood tests. Mot. at 15-16, 18. Plaintiff cannot rely upon past, illegal conduct to establish the likelihood of future harm. See City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983). Plaintiff's fear that he may suffer future harm at the hands of unidentified individuals is purely speculative and, therefore, insufficient to show that he is likely to suffer imminent irreparable harm if the requested relief is not granted. See, e.g., Slacks v. Gray, No. 07-CV-0501, 2008 WL 2522075, at *1 (N.D.N.Y. June 25, 2008) (holding that allegations of future injury without more do not establish a real threat of injury). Moreover, Plaintiff has failed to come forward with any proof suggesting that these claims are related to his underlying action. The Complaint does not contain any allegations related to retaliation by John Doe or Jane Doe officers due to the filing of this lawsuit. Thus, Plaintiff cannot establish a likelihood of success on the merits of his underlying claim, and Plaintiff's request for relief is accordingly denied. See Mitchell v. N.Y. State Dep't of Corr. Servs., No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (holding that the facts underlying the request for injunctive relief are essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context).

**C. Eighth Amendment Claims**

*1. Irreparable Harm*

"Generally, an alleged violation of constitutional rights, such as those encompassed by the Eighth Amendment, creates a presumption of irreparable harm." McKenna v. Wright, 2002 WL 338375, at *4 (S.D.N.Y. Mar. 4, 2002) (citing Jolly, 76 F.3d at 482). Here, Plaintiff cannot rely upon allegations related to his medical treatment from January 2016 until May 2016, as he cannot demonstrate irreparable harm with past conduct. However, to the extent that Plaintiff relies upon the continued deprivation of a knee brace, orthopedic boot, and medication, he has sufficiently invoked the presumption of irreparable harm. Accordingly, the Court must consider whether Plaintiff has the likelihood of succeeding on the merits of his claims related to his ongoing medical treatment.

*2. Likelihood of Success on the Merits*

Plaintiff claims that Defendants continue to refuse to provide him with outside consultations and evaluations, a knee brace, orthopedic boot, pain medications, medication in a pill form, and prescription lotions/shampoos for his skin disease. Mot. at 23, 36-44; Exs. at 55-56. "It is well-established that mere disagreement over the proper treatment does not create a constitutional claim." Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998). Moreover, "[a] prison inmate has no independent constitutional right to outside medical care." Boomer v. DePerio, 405 F. Supp. 2d 259, 264 (W.D.N.Y. 2005) (quoting Roberts v. Spalding, 783 F.2d 867, 870 (9th Cir. 1986)), vacated on other grounds sub nom. Boomer v. Goord, 263 F. App'x 855 (2d Cir. 2008).

Construing Plaintiff's motion in the light most favorable to him as a *pro se* plaintiff, even assuming Plaintiff could establish that he suffers from a sufficiently serious medical condition, the

8

Court finds that he has failed to demonstrate, with evidence, a likelihood of success on the merits of his underlying Eighth Amendment claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. See Hancock, 792 F. Supp. at 928 ("Preliminary injunctive relief cannot rest on mere hypotheticals."). Plaintiff has not submitted any documentation, exhibits, affidavits, or other evidence suggesting that Defendants were deliberately indifferent to his medical needs. Indeed, the Exhibits attached to Plaintiff's motion belie his claims. Medical personnel made decisions related to Plaintiff's medical treatment based upon his refusal to submit to an EMG, to take over-the-counter medication, and to be housed in the infirmary to be monitored for pain. See Exs. at 4, 45-46. Moreover, the evidence suggests that Plaintiff received prescription medication for a rash on his right leg. Id. at 46. At best, Plaintiff has established a pattern of disagreement over the course of his treatment and takes issue with Defendants' medical judgment. This evidence does not form the basis of a deliberate indifference claim and is insufficient to establish the likelihood of success on the merits. See McKenna, 2002 WL 338375, at *8. As such, Plaintiff is not entitled to preliminary injunctive relief.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED** that Plaintiff's Motion (Dkt. No. 105) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: June 15, 2016
Albany, New York

Lawrence E. Kahn
U.S. District Judge